☐ ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
JOSEPH AND EILEEN LYNCH,

       Plaintiffs,

against

TILCON NEW YORK, INC,
TIL CON QUARRIES, INC., TILCON
QUARRIES NY INC., TILCON INC.,
INTERNATIONAL BROTHERHOOD OF OPERATING
ENGINEERS, LOCAL 825B, AND
GUSTERO TESORO,

       Defendants,
-----------------------------------------------------------

COMPLAINT

08 CIV. 5833

JUDGE ROBINSON

   Plaintiff Joseph Lynch, complains of the Defendants as follows:

### PARTIES

   1. Plaintiff Joseph Lynch is a resident of the Town of Stony Point, County of Rockland, State of New York.

   2. Plaintiff Eileen Lynch is a resident of the Town of Stony Point, County of Rockland, State of New York.

   3. Defendant Tilcon New York, Inc. ("Tilcon") is, upon information and belief, a business corporation duly existing and/or authorized and licensed to do business under the laws of the State of New York, with offices located at 162 Old Mill Road, W. Nyack NY 10994.

   4. Upon information and belief, Defendants Til Con Quarries, Inc., Tilcon Quarries NY Inc., Tilcon Inc. (together, "Tilcon Companies") are, upon information and belief, business corporations duly existing and/or authorized and licensed to do business under the laws of the State of New York, and are related or affiliated with Tilcon.

5. Upon information and belief, Defendant International Brotherhood of Operating Engineers ("Union") is a union authorized to conduct business in New York State, with its Local 825B having offices at 65 Springfield Avenue, Springfield, New Jersey 07081.

6. Defendant Gustero Tesoro ("Tesoro"), is upon information and belief, resident of the State of Pennsylvania, and is employed by Tilcon or Tilcon Companies in the Town of Clarkstown, County of Rockland, State of New York.

## FACTS

7. At all relevant times, Defendant Tesoro was employed by Defendant Tilcon or Tilcon Companies (together, "the company") at the company's West Nyack facilities located at 162 Old Mill Road, W. Nyack NY 10994.

8. At the time of the events at issue, Plaintiff Joseph Lynch was employed by Defendant Tilcon and/or Tilcon Companies for over four years.

9. At the time of the events at issue, Plaintiff Eileen Lynch had been employed by Defendant Tilcon and/or Tilcon Companies for over 13 years.

10. Plaintiff's Joseph Lynch employment was terminated by Defendant Tilcon on or about July 10, 2007.

11. Plaintiff's Eileen Lynch employment was terminated by Defendant Tilcon in January 2008, because of her opposition to the company's unlawful discrimination against her husband, Plaintiff Joseph Lynch.

*Assault and Battery*

12. Plaintiff Joseph Lynch went to the Defendant Tilcon's or Defendant Telcon Companies' West Nyack location on July 3, 2007, pursuant to his employment duties.

13. At that place and date, without provocation, Plaintiff Joseph Lynch was subjected to assault and battery by Defendant Tesoro.

14. Specifically, the altercation between Plaintiff Joseph Lynch and Defendant Tesoro occurred at or near 162 Old Mill Road and/or "Crusher Road," in West Nyack, New York, and resulted in serious injury to Plaintiff Joseph Lynch's face and head.

15. In particular, as a result of Defendant Tesoro's assault and battery upon Plaintiff Joseph Lynch, Plaintiff suffered significant and permanent injuries, including but not limited to facial injuring and lacerations involving the need for restorative surgery at Nyack Hospital, and 10 stitches, at a significant out-of-pocket cost as yet unreimbursed.

16. Upon information and belief, Defendant Tilcon or Defendant Telcon Companies thereafter conducted an internal investigation of the July 3, 2007 altercation between Plaintiff Joseph Lynch and Defendant Tesoro, and injury to Plaintiff Joseph Lynch.

*Report of alcohol in workplace*

17. Upon information and belief, prior to July 3, 2007, Defendant Tilcon's management and some of its employees were aware, and the Union was aware, that Plaintiff Joseph Lynch had previously reported a workplace safety issue to the company, concerning the possession of alcohol (a case of beer) by a foreman or manager (Mr. Robert Formas (*sp*)) upon Tilcon or Tilcon Companies premises.

18. Upon information and belief, this prior knowledge of Joseph Lynch's "whistle-blowing" tainted its above-referenced investigation, and, in addition to race and

3

national origin, was a factor in Plaintiff alone, not Defendant Tesoro, being punished as a result of Defendant Tesoro's the July 3, 2007 assault upon Plaintiff

19. Upon information and belief, possession of alcoholic beverages, including beer, in a company truck on quarry or stone processing areas of Tilcon or Tilcon Companies' premises at West Nyack is in violation of company rules and federal law.

20. Upon information and belief, Defendant Tilcon or Tilcon Companies' West Nyack management and the Union were aware of Plaintiff Joseph Lynch's report of beer in a company truck prior to July 3, 2007, and were unhappy about such reporting such.

21. Upon information and belief, Defendant Tilcon or Tilcon Companies' were required to forward Plaintiff Joseph Lynch's to the U.S. Mine Safety and Health Administration, yet did not.

### *Biased and prejudiced investigation and decision-making*

22. Upon information and belief, Defendant Tesoro is of Mexican ancestry.

23. Upon information and belief, Defendant Tilcon's superintendent at its 162 Old Mill Road, West Nyack, New York facilities is of Mexican ancestry.

24. Upon information and belief, Defendant Tilcon could reasonably expect that an investigation regarding an ethnically Mexican manager of an ethnically Mexican employee might be biased.

25. Nevertheless, upon information and belief Defendant Tilcon undertook no measures to ensure an unbiased and ethnically neutral assessment of the facts.

26. Instead, Defendant Tilcon, based upon the investigation supervised by the ethnically Mexican manager, determined that the ethnically Mexican employee,

4

Defendant Tesoro, did not instigate a confrontation or perpetrate an assault upon Plaintiff on July 3, 2007, notwithstanding Defendant Tesoro's assaultive past.

27.    Plaintiff is Caucasian and not of Mexican or Hispanic ethnicity.

28.    Upon information and belief, Plaintiff is of Caucasian race and the other individuals of dark skin and racially Mestizos—that is, the disfavored Plaintiffs and the other individuals who were favored in employment are of different color and race.

29.    Upon information and belief, Defendant Tesoro had a history of assaultive conduct with Defendant Tilcon on and prior to July 3, 2007, and this was know both to the Defendants Tilcon, Tilcon Companies and to the Defendant Union.

30.    Upon information and belief, prior to or around July 3, 2007, another employee of Defendant Tilcon—a man who, like Plaintiff, is Caucasian and not of Mexican or Hispanic ethnicity—quit Tilcon's employment because he felt physically intimidated by Defendant Tesoro, and because he did not receive protection or support from the Defendants Tilcon, Tilcon Companies or Defendant Union.

31.    Upon information and belief, based upon negligent or intentional conduct, the Defendant Union did not properly advocate for Plaintiff Joseph Lynch interests as a union member nor file a grievance on his behalf.

32.    Upon information and belief, regarding Plaintiff Joseph Lynch's job termination on July 10, 2007, the Defendant Union, with negligent and/or discriminatory motivation, did nothing to fight the unlawful termination, notwithstanding that it was its duty to do so.

33. Upon information and belief, the Defendant Union breached its duty of loyalty to its members, by siding with one union member (Defendant Tesoro) in deciding not to provide representation to Plaintiff Joseph Lynch.

34. Plaintiffs have attempted to mitigate their damages, but to date have not found comparable employment.

*Timely EEOC filing*

35. Plaintiffs filed timely charges of discrimination (Charge Numbers #520-2008-03116 [Joseph] and #520-2008-03117 [Eileen]) with the U.S. Equal Opportunity Employment Commission, which charges remain pending and are being investigated. If and when such investigation becomes complete, or is terminated, and Plaintiffs issued a right to sue letter, Plaintiff requests that this Complaint be deemed amended so as to include a claim for relief under Title VII of the Civil Rights Act of 1964.

## FIRST CLAIM FOR RELIEF
## RACE DISCRIMINATION IN VIOLATION OF
## 42 U.S.C. § 1981

36. Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

37. Defendant Tilcon and the Defendant Tilcon Companies discriminated against Plaintiff Joseph Lynch in the terms and conditions of his employment, based upon his race, in favor of another employee (Defendant Tesoro) of a different color and race.

38. Defendant Tilcon and the Defendant Tilcon Companies discriminated against Plaintiff Eileen Lynch in the terms and conditions of his employment, based upon her race, and her aid to her husband seeking to protect him from discrimination in his employment based upon his race.

39. 42 U.S.C. Section 1981(a) provides, in relevant part, that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens....

40. Enacted through 1991 amendments, 42 U.S.C. Section 1981(b) provides, in relevant part, that:

> [f]or purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contacts, and the enjoyment of all benefits, privileges, terms, and condition of the contractual relationship.

41. Accordingly, the 1991 amendments permits employees to sue under Section 1981 for post contract formation/modification conduct, including discriminatory termination.

42. Upon information and belief, Defendants' conduct in terminating Plaintiff Joseph and Eileen Lynch was discriminatory within the meaning of Section 1981.

43. Upon information and belief, the Defendant Union has a contractual relationship with its members, the terms and conditions of which it violated on the basis of Plaintiff's race, ethnicity and national origin.

44. Upon information and belief, the Defendant employer and Defendant Union have engaged in intentional discrimination and has done so with malice or reckless indifference to the federally protected rights of the Plaintiffs.

45. Upon information and belief, the Defendants have engaged in an intentionally discriminatory employment practice which should be corrected through injunctive relief, namely, that Plaintiffs' employment be reinstated, the employer ordered to prevent future

discrimination, and the Union ordered to properly and non-discriminatorily represent its members.

46. Thus, the Plaintiffs herein are entitled to both equitable and legal relief, including compensatory and punitive damages.

### SECOND CLAIM FOR RELIEF - ASSAULT AND BATTERY BY DEFENDANT TESORO

47. Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

48. On July 3, 2007, Plaintiff Joseph Lynch was subjected to an unprovoked assault and battery by Defendant Tesoro.

49. Plaintiff Joseph Lynch suffered serious injury as a result of the assault and battery, including but not limited to scaring of the face, injury to his head, emotional trauma, anxiety, mental distress, loss of the comfort and society of his wife for a period of time, and unreimbursed medical expenses.

50. As a result of the unreimbursed medical expenses, Plaintiffs have also suffered damage to their credit and credit reputation.

51. Regarding this tort claim, Plaintiffs reside in New York and Defendant Tesoro resides and is domiciled, upon information and belief, in the Commonwealth of Pennsylvania. Plaintiff Joseph Lynch was damaged in an amount in excess of $100, 000. Thus, regarding this State tort claim, there is complete diversity among the parties and the claim is within this Court's diversity jurisdiction, or alternatively, a proper claim under this Court's supplemental jurisdiction.

52. Defendant Tesoro's actions were intentional, malicious and designed to injure Plaintiff Joseph Lynch, thereby warranting an award of punitive damages.

8

53. As a result of Defendant Tesoro's assault and battery upon Plaintiff Joseph Lynch, Plaintiff Eileen Lynch also suffered the loss, for a period of time, of the marital services, care, comfort and consortium of her husband, due to his injury, and was damaged thereby.

### THIRD CLAIM FOR RELIEF -
### VIOLATION OF THE FEDERAL WHISTLE-BLOWING LAWS,
### INCLUDING THE FEDERAL MINE SAFETY AND HEALTH ACT

54. Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

55. Upon information and belief, Defendant Tilcon and the Defendant Tilcon Companies violated the whistle blowing provisions of the Federal Mine Safety and Health Act, 30 U.S.C. § 815(c)(1), by firing Plaintiff Joseph Lynch after he reported to Defendant Tilcon a MSHA rules violation.

56. Specifically, after Plaintiff Joseph Lynch reported a violation, he was fired, then filed a complaint with the U.S. Mine Health Safety Administration ("MSHA"), and then was provided with no further notice as the status of his complaint, to date.

57. Upon information and belief, the Defendant Union may have been involved in not receiving notice. Causing Plaintiff Joseph Lynch's failure to receive any notice which may have been issued, upon information and belief, may have worked to deprive Plaintiff Joseph Lynch of his federally protected rights.

58. Upon information and belief, if Defendants conspired to deprive of his rights, such may also constitute a violation of 42 U.S.C. § 1985 and § 1986.

59. Upon information and belief, Plaintiff Joseph Lynch's claims also reveal a viable supplemental claim under N.Y.S. Labor Law § 740, because he reported to the

9

company an activity, policy, or practice that constituted an actual violation of law, rule, or regulation creating an endangerment to coworkers and the public (the possibility of drunk truck drivers and heavy equipment operators).

60. Plaintiff was injured thereby.

### FOURTH CLAIM FOR RELIEF - DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF TITLE VII

61. Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

62. Plaintiffs request this complaint be deemed to include a claim under Title VII of the Civil Rights Act of 1964, 42 USC 2000e, as well as under the N.Y.S. Human Rights Law, as of the date that each Plaintiff receives a right to sue letter, if one is issued, from the U.S. EEOC.

63. Plaintiff will request all remedies provided by law thereunder.

### FIFTH CLAIM FOR RELIEF - VIOLATION AND CONSPIRACY TO VIOLATE FEDERAL RIGHTS

64. Plaintiffs repeat and reallege each of the above paragraphs as a fully set forth here again at length.

65. Upon information and belief, to the extent that the Defendant Tilcon and Tilcon Companies conspired among themselves, or conspired with the Defendant Union, to deprive Plaintiffs of their federally protected rights, including but not limited to their rights under the Federal Mine Safety & Health Act, the civil rights statutes, and their right to petition government under the First Amendment, the defendants have also violated 42 U.S.C. §§ 1985 and 1986.

66. Plaintiffs demand damages thereunder.